1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUGENE ACEVEDO,<br><br>                             Plaintiff,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                             Defendant. | CASE NO. 12-cv-459-BEN (MDD)<br><br>**ORDER ON MOTIONS IN LIMINE FILED BY DEFENDANT UNITED STATES OF AMERICA**<br><br>[Docket Nos. 24, 25, 26, 27] |

This matter is a medical malpractice lawsuit filed by Plaintiff Eugene Acevedo against the United States of America. Plaintiff alleges that a Veterans Administration hospital negligently failed to diagnose and treat a subdural hematoma, resulting in physical, emotional, and cognitive injuries. The matter is set for a bench trial before this Court on April 1, 2013.

Before this Court are four Motions In Limine filed by Defendant United States of America. (Docket Nos. 24-27). The Court rules as follows:

**I. Motion In Limine to Preclude Expert Witnesses From Offering Opinions Not Included in their Rule 26(a)(2)(B) Reports**

Defendant asks this Court to limit the direct testimony of Plaintiff's expert witnesses to the content of their Rule 26(a)(2)(B) reports. (Docket No. 24). The Plaintiff has only one expert witness, Dr. Peter Colaprete. (Pretrial Memorandum). Rule 26 of the Federal Rules of Evidence requires expert reports to contain "a complete

statement of all opinions the witness will express and the basis and reasons for them." FED. R. CIV. P. 26(a)(2)(B)(I).  Rule 37(c)(1) generally forbids the use at trial of any information that is not properly disclosed, unless it is substantially justified or harmless.  FED. R. CIV. P. 37(c)(1); *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011).  Plaintiff agrees that experts may not offer new opinions beyond the scope of their reports.  (Opp'n at 7).

The parties appear to disagree, however, about which matters are beyond the scope of the expert report generated by Dr. Colaprete. (Def. Exh. A).  Defendant contends that Dr. Colaprete discusses the standard of care, but provides only general statements about causation without discussing Plaintiff's injuries.[1]  Defendant therefore asks that he be limited to these subject areas during trial testimony.  Plaintiff argues that Colaprete's report "clearly states his reasoning for why Defendant's malpractice caused neurologic harm to the plaintiff." (Opp'n at 7).  Plaintiff claims that the report concludes that the failure to diagnose and treat for two months caused neurological harm.  (*Id.*)  He contends that Colaprete addressed "his theories of causation and liability as precisely as is reasonable in a report." (*Id.*).

Neither party has asked this Court to rule on the admissibility of any particular statement or subject of testimony.  It is unclear to this Court what statements from Plaintiff's expert the United States seeks to bar.  To the extent the United States seeks a broad ruling preventing Dr. Colaprete to testify beyond a dry recitation of his report,

---

[1] Review of Dr. Colaprete's report reveals that his report discussed the history of Plaintiff's hospital visits, and concludes that treatment fell below the standard of care. Dr. Colaprete devotes two paragraphs to the consequences of the allegedly negligent treatment. The report states:

> The consequences of not making the correct diagnosis are obvious. The neurologic deficits can be extreme, including speech, cognition, motor, sensory impairment, persistent vegetative state and death.
> Finally, Mr. Acevedo's diagnosis was not made in a timely manner and his outcome would have been significantly different if a CAT scan of Mr. Acevedo's brain would have been performed, as required by the standard of care in emergency medicine, weeks or months earlier.

(Def. Exh. A at 8).

their request is **DENIED**. However, Defendant may raise objections during trial, and the Court will issue rulings as appropriate. The parties may, however, file additional motions in limine to ask this Court to rule on particular subjects or lines of questioning.

## II. Motion in Limine to Prohibit Rule 26(a)(2)(B) Expert Reports From Replacing Expert Testimony

Defendant asks this Court to rule that Plaintiff may not offer expert reports in lieu of presenting the live testimony of his expert witnesses. (Docket No. 25). The United States contends that expert medical testimony is required to prevail in a medical malpractice lawsuit of this type. (Docket No. 25, at 4-5). Plaintiff does not dispute the need for expert testimony. Defendant argues that the Colaprete report is an inadequate substitute for the live testimony of the expert.

Defendant first points out that the report is unsigned, rather than sworn under penalty of perjury. (Docket No. 25, at 6). An unsigned expert report cannot properly be taken into account in summary judgment proceedings. *See, e.g.*, *Shuffle Master, Inc. v. MP Games LLC*, 553 F. Supp. 2d 1202, 1210 (D. Nev. 2008) (collecting cases). Defendant argues that this rule should apply with greater force at trial. (Docket No. 25, at 6). Defendant also argues that it has not had an opportunity to cross-examine Plaintiff's expert. Although Defendant concedes it elected not to take Dr. Colaprete's deposition, it states that it was "opting instead to cross-examine him at the time of trial." (*Id.*) Defendant claims that, even if Plaintiff presented a signed declaration, Defendant would be deprived of its opportunity to cross-examine the only expert witness if the witness did not testify.

However, Plaintiff argues that Defendant agreed in open court to a stipulation that the written reports of experts were admissible "whether or not that witness was called to testify." (Opp'n at 8). Plaintiff further states that Defendant chose not to depose the witness, and cannot argue that it wishes to ask the witness questions beyond the report, given its motion in limine to limit expert testimony to the report. (*Id.*)

Defendant disputes the Plaintiff's characterization of its agreement. "While the

Government did not object to Plaintiff's statement that expert reports would be admissible, the purpose behind this was to aid the trier of fact, not to replace expert testimony. Specifically the Government did not agree that Plaintiff could meet his burden of proof by simply presenting a written report." (Reply at 2).

Review of the record indicates that, in open court and on the record, counsel for Plaintiff informed this Court that the parties had agreed the expert reports would be admissible, whether the party decided to call the expert as a live witness or not. Defendant's counsel did not say anything in response. The Pretrial Memorandum, filed one week prior to the Pretrial Conference, indicates that Plaintiff listed one expert witness and that the parties had agreed to the admissibility of the expert reports.

Defendant was present before this Court when counsel for Plaintiff stated that the parties had agreed that expert reports could be admitted, whether or not the witness was called to provide live testimony. Defendant did nothing to indicate to this Court that it disagreed with Plaintiff's characterization, or that it sought to attach conditions to its agreement. Defendant also knew that Plaintiff had only listed one expert. It was therefore entirely foreseeable that Plaintiff would seek to admit the expert report in lieu of his only witness when Defendant agreed to the stipulation.

However, the Court agrees with the United States that Plaintiff cannot enter an unsworn expert report. Witnesses are required to make an oath or affirmation to testify truthfully. FED. R. EVID. 603. The Government stipulated to the admissibility of a written report, but never stipulated to evidence that was offered without imposing an oath and the threat of perjury.

The motion in limine is **GRANTED**.

**III. Motion in Limine to Limit Opinions of Treating Physicians to Those Contained in the Treatment Records**

Rule 26(a)(2)(B) requires experts to submit written reports. An exception exists for treating physicians who are testifying about opinions formed during the course of treatment. *Goodman*, 644 F.3d at 826. However, if a treating physician reviews

additional information and forms opinions outside the course of treatment, the treating physician exception does not apply and the physician must submit a Rule 26(a)(2) report in order to testify on those matters. *Id.* No Rule 26 expert reports were prepared by the treating physicians in this case. Defendant therefore asks this Court to order that treating physicians can only testify as to matters contained in the treatment records. (Docket No. 26).

Plaintiff agrees that treating physicians must be limited to the medical opinions reflected in their patient charts. However, Plaintiff points to comments by physicians in the charts that the neurological defects were caused by the bleeding in Plaintiff's brain. (Opp'n at 9). Plaintiff therefore contends that he may ask questions concerning the extent of the injuries and the basis for their opinion regarding the cause of the injuries. (*Id.*)

Once more, the parties agree on the general legal principle, but indicate that they may disagree about specific applications at a future time. The motion in limine is therefore **GRANTED**, and the opinion testimony of treating physicians will be limited to those opinions formed in the course of treatment, whether recorded in records or not. As the parties have not asked this court to rule on whether a particular physician may properly testify about a specific subject area, this Court will defer ruling on specific questions until trial. The parties may submit additional motions in limine.

**IV. Motion in Limine to Limit Lay Opinion**

The United States asks this Court to limit lay opinion and inference testimony. Under Federal Rule of Evidence 701, lay opinion testimony is permitted where the opinion is a) rationally based on the witness's perception, b) helpful to clearly understanding the witness's testimony or to determining a fact in issue, and c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. FED. R. EVID. 701.

The United States specifically asks this Court to restrict Plaintiff and his witnesses to what they personally heard or saw, and bar them from offering opinions

about why certain things were done, what other people were thinking, their motivations, why treatment was provided or not, and matters that occurred outside their presence and observation. (Docket No. 27, at 4-5).

Plaintiff agrees that lay opinion testimony must be limited to observation and personal experiences, but asserts that lay witnesses may testify as to their perceptions of Plaintiff's conduct, mood, affect, and capabilities before and after the alleged malpractice. (Opp'n at 9).

The parties appear to agree that lay opinion must be limited. Plaintiff does not appear to disagree with any of the limits suggested by the United States. Therefore, the motion in limine is **GRANTED**. Subject to further order of this Court, lay witnesses are barred from offering testimony beyond that which Rule 701 permits. However, a lay witness is permitted to testify as to what he or she observed, and to give his or her opinion on certain matters, such as whether someone was nervous or intoxicated. *See United States v. Mastberg*, 503 F.2d 465, 470 (9th Cir. 1974). The parties have not requested a ruling on a specific statement or lay opinion, but may raise such issues as appropriate during trial or in a motion in limine.

### V. Conclusion

A hearing on the motions in limine is currently set for March 3, 2014. If the parties wish to submit any additional motions in limine they must do so no later than **30 days** prior to the hearing. If no additional motions are submitted, the hearing date will be vacated.

**IT IS SO ORDERED.**

DATED: December 5, 2013

_____
Hon. Roger T. Benitez
United States District Judge